UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| BRADRICK YARBROUGH ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. |
| ) | |
| THE UNITED STATES OF AMERICA d/b/a ) | |
| THE DEPARTMENT OF VETERANS ) | |
| AFFAIRS MEDICAL CENTER, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

Now comes, the Plaintiff, BRADRICK YARBROUGH, by and through his attorneys, DUDLEY & LAKE LLC, and complaining of the Defendant, THE UNITED STATES OF AMERICA d/b/a THE DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER of NORTH CHICAGO, states as follows:

### JURISDICTION AND VENUE

1. This is an action arising under the Federal Tort Claims Act, 28 U.S.C. Federal Statute 42 U.S.C. §§ 2671, *et seq.*

2. The Plaintiff, BRADRICK YARBROUGH, has filed a notice of claim to comply with Section 2675(a) of the Federal Tort Claims Act, but has filed this action to prevent the potential running of the "statute of repose" at 735 ILCS 5/14-212(a).

3. In accordance with the Federal Tort Claims Act, Sections 1346(b) and 2671-2680, Title 28 U.S.C., the plaintiff, BRADRICK YARBROUGH, has filed this lawsuit against the Defendant, UNITED STATES OF AMERICA d/b/a THE DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER of NORTH CHICAGO in the District Court of the Northern District of Illinois, Eastern Division.

4. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b). All of the complained of acts and omissions of the defendant, UNITED STATES OF AMERICA d/b/a THE DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER of NORTH CHICAGO, (hereinafter referred to as the "VA- NORTH CHICAGO") occurred in the North District of Illinois, Eastern Division, at the medical facility located at 3001 Green Bay Road, North Chicago, Illinois 60064.

5. At all relevant times, "VA– NORTH CHICAGO" was identified by the United States Department of Health and Human Services to be an employee/agent of the Defendant, UNITED STATES OF AMERICA, pursuant to 42 U.S.C. § 233, for purposes of the Federal Tort Claims Act.

6. At all relevant times, "VA– NORTH CHICAGO" was owned and/or operated by the Defendant, UNITED STATES OF AMERICA, through the United States Department of Veterans Affairs, an agency of the defendant.

## COUNT I

### (Medical Negligence – UNITED STATES OF AMERICA)

7. On and before May 15, 2012 through and including May 12, 2014, and at all times material, the Defendant, THE UNITED STATES OF AMERICA, operated a medical center and hospital at or near 3001 Green Bay Road, North Chicago, Illinois 60064 that is otherwise known as "VA-NORTH CHICAGO").

8. On or about May 15, 2012 through and including May 12, 2014 and at all times material, the Defendant, THE UNITED STATES OF AMERICA, at its medical center/hospital known as the VA-NORTH CHICAGO, employed physicians including but not limited to radiologists for the purpose of providing medical care and treatment to patients.

2

9. On or about May 15, 2012, the Plaintiff, BRADRICK YARBROUGH, underwent a plain film chest x-ray at the VA-NORTH CHICAGO and the x-ray was interpreted by a radiologist who was an agent/employee of the VA-NORTH CHICAGO in order to obtain pre-operative clearance for an elective knee surgery which was scheduled to occur on June 13, 2012.

10. On May 15, 2012, the Defendant VA-NORTH CHICAGO had in effect policies, procedures, protocols and guidelines that mandated that patients of a same or similar clinical condition to the Plaintiff BRADRICK YARBROUGH who were undergoing surgery needed to have a plain film chest x-ray which would be interpreted by a radiologist as a condition of pre-operative clearance.

11. On and before May 15, 2012 through and including May 12, 2014 and at all times material, the VA-NORTH CHICAGO provided global medical care to eligible persons including the Plaintiff BRADRICK YARBROUGH who was honorably discharged from the UNITED STATES ARMY.

12. On and before May 15, 2012 through and including May 12, 2014 and at all times material the Plaintiff, BRADRICK YARBROUGH utilized the VA-NORTH CHICAGO as his provider of global medical services.

13. From May 15, 2012 through and including May 12, 2014 the Plaintiff BRADRICK YARBROUGH, was a patient of the VA-NORTH CHICAGO and received a continuous course of medical care and assessment form agents/employees of the Defendant THE UNITED STATES OF AMERICA at multiple medical visits for numerous medical issues including but not limited to pain management, psychological counseling, neurology, primary care, orthopedic surgery, physical therapy and sleep apnea.

14. On May 15, 2012 and at all times thereafter through and including May 12, 2014, when providing medical care to the Plaintiff, BRADRICK YARBROUGH, the Defendant, THE UNITED STATES OF AMERICA through its agents and/or employees had a duty to possess and apply the skill and care of reasonably well qualified or careful physicians with the same or similar medical training or licensure.

15. From May 15, 2012 through May 12, 2014 and at all times material, the Defendant THE UNITED STATES OF AMERICA, through its agents and/or employees, breached its aforementioned duty and was negligent in one or more of the following respects:

   a. failed to properly interpret the May 15, 2012 chest x-ray in a timely manner;

   b. failed to order CT scan follow up in a timely manner;

   c. failed to inform BRARICK YARBROUGH in a timely manner of the presence of a pulmonary nodule on his May 15, 2012 chest x-ray;

   d. failed to obtain appropriate x-ray pre-operative clearance before the June 13, 2012 knee surgery;

   e. failed to recognize the abnormality on the May 15, 2012 chest x-ray in a timely manner.

16. On May 12, 2014, the Plaintiff BRADRICK YARBROUGH underwent another chest x-ray at the VA- NORTH CHICAGO which showed findings suspicious for lung cancer and he was also further informed that the May 15, 2012 chest x-ray revealed the presence of a 1.3 cm x 1.4 cm x .97 cm pulmonary nodule which given his past history of cigarette smoking required further evaluation.

17. On or about May 12, 2014, the Plaintiff, BRADRICK YARBROUGH became aware he may have lung cancer in his left lung and that the cancer was likely present on May 15, 2012 chest x-ray.

18. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of the Defendant THE UNITED STATES OF AMERICA through its agents and/or employees the Plaintiff, BRADRICK YARBROUGH suffered a delay in the diagnosis and treatment of his primary lung cancer which has led to severe and debilitating injuries of both a personal and pecuniary nature.

19. The Plaintiff, BRADRICK YARBROUGH, attaches an attorney's affidavit and physician's certificate in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, BRADRICK YARBROUGH, demands judgment against the Defendant, THE UNITED STATES OF AMERICA, in an amount of money in excess of $75,000.00.

Respectfully submitted,

DUDLEY & LAKE LLC

By: *J. Matthew Dudley* (signature)

J. Matthew Dudley (ARDC #6217562)
Dudley & Lake LLC
20 N. Clark Street, Suite 720
Chicago, IL 60602
(312) 263-6300
(312) 263-6356 (fax)
e-mail: mdudley@dudleylake.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| BRADRICK YARBROUGH<br>　　　　Plaintiff,<br>vs.<br>THE UNITED STATES OF AMERICA d/b/a<br>THE DEPARTMENT OF VETERANS<br>AFFAIRS MEDICAL CENTER,<br>　　　　Defendants. | )<br>)<br>) No.<br>)<br>)<br>)<br>)<br>) |

## 735 ILCS 5/2-622 ATTORNEY'S AFFIDAVIT

I, J. MATTHEW DUDLEY, being first duly sworn on oath, deposes and states as follows:

1. I am the attorney for Plaintiff.

2. I have consulted and reviewed the facts of the case with a health professional who I reasonably believe:

   (i) is knowledgeable in the relevant issues involved in the particular action;

   (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and

   (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

FURTHER YOUR AFFIANT SAYETH NOT:

_____
J. Matthew Dudley

Subscribed to and Sworn before me this 11th day of May, 2016.

_____
Notary Public

J. Matthew Dudley (ARDC #6217562)
Dudley & Lake LLC
20 N. Clark Street, Suite 720
Chicago, IL 60602
(312) 263-6300
(312) 263-6356 (fax)

OFFICIAL SEAL
CHRISTINE LEVINSKAS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/20/17

# CERTIFICATION FOR AN ACTION IN MEDICAL MALPRACTICE PURSUANT TO 735 ILCS 5/2-622

RE: Bradrick Yarbrough v. The United States of America d/b/a The Department of Veterans Affairs Medical Center

I am a physician licensed by the State of Illinois to practice medicine in all of its branches. I am actively engaged in the practice of medicine and instruction of medical students and residents. I am board certified in field of radiology. I have reviewed Bradrick Yarbrough's medical records from James Lovell Federal Health Center and Northwestern Memorial Hospital. I am familiar with the standard of care as it applied to the medical care and treatment of Mr. Yarbrough in May of 2012. For the reasons that follow below, it is my opinion which I hold to reasonable degree of medical certainty that there is reasonable and meritorious cause for the filing of an action against the James Lovell Federal Health Center and the United States of America.

Specifically, Mr. Yarbrough was scheduled to undergo arthroscopic knee surgery in June of 2012. As a part of his pre-operative clearance he underwent a plain film chest x-ray on May 15, 2012. Mr. Yarbrough had a past medical history of a 30 year smoking habit. The chest x-ray from the 15th showed a pulmonary nodule which was 1.3x 1.4x .97 cm in the left upper lobe of Mr. Yarbrough's lung. Given his age and history of smoking, the standard of care required CT follow up and further evaluation of the lesion. Additionally, Mr. Yarbrough should have been informed about the presence of the abnormality. There was no follow up until May 12 of 2014 when a chest x-ray was performed and showed a significant increase in the size of the previous pulmonary nodule which was highly suggestive of lung carcinoma. The clinical work up proved that the mass in the left lung was cancer and required surgical resection. It is my opinion that Mr. Yarbrough received medical treatment below the standard of care which resulted in a two year delay in the diagnosis of his lung cancer. This delay in diagnosis caused a significant decrease in his overall prognosis and also resulted in the need for the surgical removal of more lung tissue and corresponding decrease in pulmonary function.